IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01390-KLM

SOLO SCIENCES, INC.,

      Plaintiff,

v.

ASHESH SHAH, and
PALLE PEDERSEN,

      Defendants.

_____

## ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **Motion to Dismiss on the Basis of Abstention or Stay Pending Outcome of Parallel State Court Proceedings** [#13][1] (the "Motion").[2]  Plaintiff filed a Response [#14] in opposition to the Motion [#13], and Defendants filed a Reply [#18].  The Court has reviewed the Motion [#13], the Response [#14], the Reply [#18], the case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#13] is **DENIED**.

---

[1] "[#13]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C § 636(c) on the parties' consent.  *See* [#20, #21, #25].

# I. **Background**[3]

Plaintiff Solo Sciences, Inc. ("Solo") was founded in Massachusetts by Defendants Ashesh Shah ("Shah") and Palle Pedersen ("Pedersen") in 2017. *See Compl.* [#1] at 2-3. Both Defendants operated and managed Solo into 2020. *Id*. at 3. In early 2020, Solo was bought and moved its headquarters to Denver, Colorado, and Defendants continued to operate Solo for a period in 2020. *Id*.

Defendants also founded and managed TechMagic USA, LLC ("TechMagic"). On February 5, 2018, while Defendants were directors of both companies, Solo entered into a Master Services Agreement (the "MSA") with TechMagic. *Id*. at 4. A separate Statement of Work ("SOW") was also executed, which addressed services to be provided under the MSA. *Id*. According to the SOW, TechMagic was to provide an iOS prototype, an Android app, and a web-based management interface for Solo, with an estimated completion time of two months. *Id*. at 5. Defendant Pedersen executed the SOW on behalf of TechMagic, and Defendant Shah later stated in an email that he had authorized the work during his time as president and CEO of Solo. *Id*. Defendants purportedly failed to properly disclose their interest in TechMagic to Solo, however. *Id*. at 9. There was also neither a vote by disinterested directors nor a good faith vote by shareholders regarding the MSA. *Id*.

The MSA itself was purportedly extraordinarily unfavorable to Solo. *Id*. at 10. The MSA lacked any meaningful scope, standards, or specifications for services, and failed to include meaningful deadlines. *Id*. The MSA also failed to permit optional oversight by

---

[3] For the purpose of resolving the Motion [#13], the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint [#1]. *See Smith v. Plati*, 258 F.3d 1167, 1176 (10th Cir. 2001).

Solo, and there was a lack of documentation regarding actions taken under the MSA.  *Id*. at 11.

After the SOW was completed in 2018, Defendants continued to send invoices to Solo and its affiliates for work that Solo did not request or have any knowledge of.  *Id*. at 6-8.  The invoices asked for payment to be sent to Defendant Shah's personal address.  *Id*. at 9.  Solo and TechMagic were the only parties to the MSA, and Solo alleges that invoices to its affiliates were improper.  *Id*. at 7.  Solo requested SOWs for the alleged work done by TechMagic in 2020, to show that the work was authorized by Solo, but TechMagic refused to provide documents beyond the SOW for the already completed 2018 project.  *Id*.  Any work by TechMagic that did occur in 2020 was purportedly well below reasonable industry standards and not useful.  *Id*. at 8.

After being furloughed in August of 2020, Defendant Shah contacted Solo clients and induced them to sever their ties with Solo.  *Id*. at 13.  Defendant Pedersen also contacted a major Solo client to notify it of Solo's refusal to pay the invoices sent in 2020.  *Id*.  Solo alleges that these calls were made to pressure Solo into paying the 2020 invoices.  *Id*.  Defendant Shah allegedly did not have authority to contact customers, and after talking to him, some clients decided to sever ties with Solo.  *Id*. at 13-14.

On December 4, 2020, TechMagic brought suit against Solo in Massachusetts state court (the "State Court Action") alleging breach of contract relating to the MSA.  *Defs.' Ex. A, State Court Action Compl.* [#15-1].  On May 21, 2021, Solo brought the present suit against Defendants here in the District of Colorado claiming breach of fiduciary duty, breach of duty of care, and interference with contractual relations.  *Id*. at 15-20.

In the present Motion [#13], Defendants seek dismissal or stay of this action pursuant to the *Colorado River* doctrine, *see Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), in light of the ongoing state-court action regarding breach of the MSA contract, which is discussed in more detail below.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) concerns whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, with a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* at 1003. When reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l*

*Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).

### III.  Analysis

In *Colorado River*, "the Supreme Court recognized a narrow doctrine permitting a federal court to abstain from exercising jurisdiction when a parallel case exists in state court."  *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1121 (10th Cir. 2018).  "[T]he *Colorado River* test requires 'exceptional circumstances' and an 'important countervailing interest' for a federal court to abstain from exercising jurisdiction based on pending litigation in state court."  *Id.* (quoting *Colorado River*, 424 U.S. at 813; citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983) (noting that "the balance [is] heavily weighed in favor of the exercise of [federal] jurisdiction" in a case involving state-federal concurrent litigation)).

The *Colorado River* doctrine is essentially a two-prong test, where the first, preliminary question is whether the state and federal cases at issue are parallel.  *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994) (stating that the Court must "first determine whether the state and federal proceedings are parallel.  Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." (citations and internal quotation marks omitted)).  Courts should look to whether the state court may resolve the issues between the parties such that the federal court is left with nothing further to do in resolving any substantive part of the case.  *Id.*  If, and only if, the Court finds that "the state and federal proceedings are parallel, it must then determine whether deference to state court proceedings is appropriate under the particular circumstances." Id. (emphasis added).

Defendants argue that this suit is parallel to the suit TechMagic brought in Massachusetts state court regarding breach of the MSA contract. *See Motion* [#13] at 2. Defendants assert that they have identical legal interests as TechMagic and therefore must be seen as substantially the same party. *Id.* at 8-9. Defendants further assert that all of Plaintiff's claims in this case are covered by Solo's affirmative defenses in the State Court Action, and, once that case is resolved, there will be nothing further to decide. *Id.* at 2.

For the reasons explained below, however, the Court finds that this case is not parallel to the State Court Action, because different parties are involved and the issues in this case go well beyond the issues in the State Court Action.

## A.    The Issues

The Court first finds that the issues involved in this case are not substantially the same as the issues involved in the State Court Action. Defendants assert that Solo, through its defenses in the State Court Action, "make[s] plain that the actions involve substantially the same issues." *Reply* [#18] at 6. Defendants primarily rely on an interrogatory response from the State Court Action in which Solo alludes to the alleged breaches of fiduciary duties that are at issue here. In the interrogatory, TechMagic asked Solo to state all facts supporting its defense of unclean hands, and Solo's response, among other statements, asserted that the contract was invalid because it was executed in a self-dealing transaction that personally benefitted Defendants and that "Solo's Board Members and shareholders did not cleanse this transaction as required by law." *Defs.' Ex. D, State Court Action Interrogatories* [#15-4] at 8. Defendants argue that Solo's response to the interrogatory shows that the issues underlying both cases, i.e., the MSA

and its formation, are the same, which allows the state court to adequately resolve the issues in both cases.  *Id*. at 7.  Solo points out, however, that "Solo's Amended Answer [in the State Court Action] does not contain any mention of a breach of fiduciary duty, breach of duty of loyalty, or intentional interference with contractual relations."  *Response* [#14] at 8.

In determining whether the actions are parallel, the Court looks to the state proceedings as they actually are, not as they might have been.  *Fox*, 16. F.3d at 1082. Looking to the State Court Action, the primary issue in that case is whether there was a breach of the MSA contract.  While Solo may assert a defense that the contract is invalid because Defendants failed to receive authorization from disinterested directors, the issues in this case go beyond the breach of contract claim in the State Court Action.  Solo *potentially* could have brought third-party claims against Shah and Pedersen in the State Court Action, but it chose to bring claims against them here instead, and those claims raise issues which go beyond the state court breach of contract claim.  *See Reality Tech., Inc. v. CounterTrade Prod., Inc.*, No. 10-cv-01791-PAB-KLM, 2011 WL 2134409, at *2 (D. Colo. May 27, 2011) (finding cases not parallel when the plaintiff could bring counterclaims in state court but instead brought claims in federal court and claims went beyond issues in state court action); *Grynberg v. GreyWolf, Inc.*, No. 07-cv-01742-LTB-BNB, 2008 WL 687363, at *2 (D. Colo. Mar. 11, 2008) (finding cases not parallel when federal action was based on facts from affirmative defenses in state court action, but a determination in the state court action would not be determinative in the federal action). Like in *Grynberg v. GreyWolf, Inc.*, a determination on the breach of contract claim in state court will not be determinative of the issues in this action.  Even if the State Court

Action is decided on grounds related to the alleged breach of fiduciary duties of Defendants, multiple issues will persist in this action. Fundamentally, the State Court Action is about whether the MSA is a legally binding contract between the parties. It is not apparent that alleged breaches of duties not directly related to entering into the MSA would be considered in the State Court Action. If not, Solo would be denied a remedy on those claims. *See Response* [#14] at 8.

Additionally, the claim made here related to contract interference is intermingled with the breach of fiduciary duty claim. However, the claim of interference with contractual relations and the facts surrounding it are not mentioned at all in the State Court Action, and therefore would remain regardless of what happens in that action.

Given the multiple issues and claims relating to breach of fiduciary duty that are unlikely to be fully addressed in the State Court Action, the Court finds the issues in this case are not substantially similar to the issues in the State Court Action.

**B.   The Parties**

Additionally, the Court finds the suits do not involve substantially the same parties. The current suit does not involve TechMagic, which is the sole plaintiff in the Massachusetts case, and the State Court Action does not include the Defendants here as parties. In fact, Solo is the only party common to both actions.

Defendants argue that asymmetry of parties is inconsequential when there is a shared legal interest. *See Motion* [#13] at 7 (citing *THI of New Mexico at Vida Encantada, LLC v. Archuleta*, No. Civ. 11-0399, 2012 WL 8169886, at *4 (citing *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1230 (10th Cir. 2004))). Defendants assert that they share a legal interest with TechMagic and because of this allegedly shared legal interest, it is

inconsequential that TechMagic is not a party to this case and that Defendants are not parties to the State Court Action.

The Court rejects this argument.  The problem for Defendants is that they do not share an identical legal interest with TechMagic.  The State Court Action is a simple breach of contract claim relating to the MSA described above.  *See Defs.' Ex. A, State Court Action Compl.* [#15-1].  TechMagic has legal interests related to the rights and obligations of the MSA contract it entered into with Solo.  Defendants are not parties to the MSA contract, and therefore have no legal interests directly related to the contract. Similarly, this action involves the legal interests of Defendants solely related to their rights and obligations as directors of Solo.  TechMagic has no similar fiduciary duties and no legal interest related to a position like director of Solo.  While Solo's positions in both cases share facts related to the MSA, its legal interests in the cases are distinct.  In the State Court Action, Solo's legal interest relates only to the MSA and defending its rights and obligations under the contract.  Here, however, Solo's legal interests focus solely on Defendants' actions as directors of Solo and do not seek to remedy any legal wrongs regarding the MSA itself.  *See Compl.* [#1] at 15-20.

Finally, Defendants also argue that the asymmetry of parties in the state and federal proceedings is inconsequential because it is more important that the state litigation will dispose of all the claims presented in the federal case.  *Watermark Harvard Square, LLC v. Calvin*, No. 17-cv-00446, 2018 WL 1166707, at *3 (D. Colo. Mar. 3, 2018). Defendants assert that TechMagic's absence from this case and Defendants' absence from the State Court Action is inconsequential because the State Court Action will cover all MSA-related claims and will also "effectively dispose of all the issues that Plaintiff has

attempted to raise here." *Motion* [#13] at 2. The Court again rejects this argument because, as previously discussed, not all the claims in this action will be disposed of by the State Court Action. A resolution of the State Court Action will likely not fully address the breach of fiduciary duty claimed here, making the state court an inadequate vehicle to resolve the issues at stake here.

Accordingly, the Court finds the parties and their legal interests in this case are not substantially shared with those in the State Court Action. Because the Court finds this action does not involve substantially the same parties litigating substantially the same issues as the State Court Action, the Court find the actions are not parallel and abstention pursuant to the *Colorado River* doctrine is not appropriate.

### IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#13] is **DENIED**.

IT IS FURTHER **ORDERED** that the stay imposed on October 1, 2021, pending resolution of the present Motion [#13] is **LIFTED**. *See Order* [#28].

IT IS FURTHER **ORDERED** that the Scheduling Conference is **RESET** to **April 28, 2022**, at **10:30 a.m.** in Courtroom A-401 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that, **no later than April 21, 2022**, the parties shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures.

Dated: March 10, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge